**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GERALD STONE,** <br><br> Plaintiff, <br><br> v. <br><br> **JULIÁN CASTRO, SECRETARY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** <br><br> Defendant. | Case No. 1:14-cv-00656 (CRC) |

## MEMORANDUM OPINION AND ORDER

This is but the latest of Gerald Stone's numerous attempts to reverse the consequences of his 2005 criminal conviction. Because Stone's claims are virtually identical to ones previously rejected by this court and others, the Court will grant the Secretary of Housing and Urban Development's motion to dismiss Stone's complaint.

**I. Background**

The events surrounding Stone's conviction and sentence have been amply described in prior decisions cited in this opinion. The Court will highlight the most pertinent facts. In 2005, Stone pled guilty in the U.S. District Court for the Northern District of Texas to tax evasion and to conspiracy to commit theft from an organization receiving federal benefits in excess of $10,000. United States v. Hildenbrand, 527 F.3d 466, 473 (5th Cir. 2008). A non-profit operated by Stone and his wife, Barbara Hildenbrand, bought houses from the U.S. Department of Housing and Urban Development ("HUD") at a discount through a HUD program (known as the Single Family Affordable Housing Program, or "SFAHP") offered to encourage home ownership among low- and moderate-income buyers. Id. at 470–71. Stone invoiced the non-profit and received payments for repair work on houses that he did not perform. Id. at 471–72.

The fake invoices inflated the stated expenses of the non-profit, thereby increasing the allowable sale price of the houses. Id. at 471. Stone bought a yacht and a condo with the funds, and did not report this income on his tax returns. Id. at 471–73.

The District Court for the Northern District of Texas sentenced Stone to two years imprisonment and restitution, and ordered forfeiture of the yacht and condo. Id. at 473–74; Plea Agreement, at 4. The Fifth Circuit affirmed the sentence. Id. at 478. Stone's motion to vacate the sentence was denied by the district court. Stone v. United States, 2010 WL 2404281 (N.D. Tex. June 15, 2010) (adopting report and recommendation). The Fifth Circuit dismissed his appeal of the forfeiture order for lack of jurisdiction because Stone had no interest in the forfeited property at the time the district court entered the order. United States v. Stone, 435 F. App'x 320 (5th Cir. 2011).

After the proceedings in the Fifth Circuit, Stone brought three cases in this district against the Department of the Treasury, HUD, and Eric Holder in his capacity as Attorney General. See Stone v. Holder, 859 F. Supp. 2d 48 (D.D.C. 2010) (consolidating three cases). All three sought to reclaim restitution payments and property seized as part of his sentence. Id. at 50. All three were dismissed because Stone did not meet his burden to establish that sovereign immunity had been waived. Id. at 52. The court also held that the suits were improper collateral attacks on Stone's sentence. Id. at 53.

In this complaint, Stone argues that there were no facts supporting his conviction under 18 U.S.C. § 666 for defrauding an organization receiving over $10,000 in federal benefits. See Compl. at 3. He relies on recent responses to Freedom of Information Act requests where, he

contends, HUD and the Department of Justice deny evidence of loss by HUD. Compl. at 6–7.[1]
Without a financial loss to HUD, Stone argues, the non-profit he defrauded could not have received over $10,000 in federal benefits, as required by Section 666. Pl. Opp'n Mot. to Dismiss at 2, 7. The Secretary moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.

## II. Standard of Review

Federal courts are courts of limited jurisdiction. On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Subject matter jurisdiction is an Article III requirement which must be satisfied even if neither party raises an objection. See Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003). The court may examine materials outside the pleadings as it deems appropriate in order to resolve the question of its jurisdiction. See Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) aff'd, 2001 WL 135857 (D.C. Cir. Jan. 18, 2001) (citing Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir.1992)). The Secretary's motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the allegations in Stone's complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In order to survive the motion to dismiss, Stone must have alleged facts that would establish the Secretary's liability. See Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir. 2003). Although the Court must accept the facts pled as true, legal assertions devoid

---

[1] The Court is simultaneously issuing an opinion in Stone v. U.S. Dep't of Housing and Urban Development, 13-cv-01780 (CRC), in which Stone challenges the agencies' responses to his FOIA requests.

of factual support are not entitled to this assumption. See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**III.    Analysis**

Stone's complaint must be dismissed because it rests on arguments that have been squarely rejected by this and other federal courts. The doctrine of *res judicata* prevents repeated litigation of causes of action that share the same nucleus of operative facts. See Jenson v. Huerta, 828 F. Supp. 2d 174, 179 (D.D.C. 2011). Claims share the same facts when they "are related in time, space, origin, or motivation[;] . . . form a convenient trial unit[; and] . . . their treatment as a unit conforms to the parties' expectations." Id. (quoting Stanton v. D.C. Court of Appeals, 127 F.3d 72, 78 (D.C. Cir. 1997)). *Res judicata* forecloses all that was or could have been litigated in a previous action, and any issue that was raised and decided in a previous action. See Sheppard v. District of Columbia, 791 F. Supp. 2d 1, 5 (D.D.C. 2011). "The court may take judicial notice of public records from other court proceedings." Lewis v. Drug Enforcement Admin., 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citing Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

Stone seeks the return of the restitution he paid to HUD. See Compl. at 9. He contends that restitution should never have been ordered by the District Court for the Northern District of Texas because the government did not prove one of the essential elements of a Section 666 crime: benefits in excess of $10,000 under a Federal program. See id. at 2. Stone advanced identical arguments concerning the definition of "benefits" and federal assistance during his Fifth Circuit appeal. While the Fifth Circuit agreed with Stone that the waiver of appeal rights in his plea agreement would not be valid if there were insufficient facts to support the underlying crime, it flatly rejected the merits of his challenge:

4

> The majority of Stone's brief is devoted to the argument that the facts are insufficient to establish a violation of § 666. Similar to the argument Hildenbrand raises, Stone urges that the 10% to 30% discounts CHF received under the SFAHP do not qualify as "benefits" under a federal program involving any "federal assistance" within the meaning of § 666 because such terms contemplate the payment and disbursement of federal funds.
>
> . . .
>
> [A] discount is, by its very nature, a benefit to the person who receives it; it provides an advantage, useful aid, and help to the recipient. Stone's argument . . . is purely one of form over substance. Although received in the form of a discount, it is undisputed that CHF received a quantitative monetary benefit from HUD through the discounts under the SFAHP. Stone's factual resume lists the monetary value of each discount received by CHF in its purchase of program homes from June 1999 through March 2000, which discounts totaled $152,906.80.
>
> . . .
>
> Because there is a statutory scheme authorizing the discounts on SFAHP homes and because the scheme furthers the public policy objectives of both expanding home ownership opportunities for low- and moderate-income purchasers and strengthening neighborhoods, we conclude that participation in the SFAHP qualifies as federal assistance.

United States v. Hildenbrand, 527 F.3d 466, 474, 477–78 (5th Cir. 2008). The Supreme Court denied Stone's petition for certiorari. See Hildenbrand v. United States, 555 U.S. 946 (2008). Because the Fifth Circuit decision rejecting the identical arguments Stone makes here is *res judicata* in this case, Stone's complaint must be dismissed.

Judge Berman Jackson's decision in Stone v. Holder—holding that the government had not waived sovereign immunity and consented to suit on the identical claims—is also *res judicata* in this case. The fact that the prior case was directed against HUD itself, rather than the Secretary in his official capacity, does not change the *res judicata* analysis. "A suit against a government official in his official capacity 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent,' such that 'an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" Partovi v.

Matuszewski, 647 F. Supp. 2d 13, 17 (D.D.C. 2009) aff'd, 2010 WL 3521597 (D.C. Cir. Sept. 2, 2010) (quoting Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)). Accordingly, Stone's suit must be dismissed on that independent ground as well.[2]

## IV. Conclusion

The Fifth Circuit has already denied the merits of Stone's challenge, and this court has dismissed his virtually identical complaints on grounds of sovereign immunity. Stone has not alleged why the outcome here should be any different.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is GRANTED.

This is a final, appealable order.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: November 3, 2014

---

[2] Even if all issues had not already been litigated in the Secretary's favor, the Court would find that Stone has not established a waiver of sovereign immunity. Sovereign immunity shields the Federal government, its agencies, and officials named in their official capacity from suit. Stone v. Dep't of Treasury, 859 F. Supp. 2d 53, 57 (D.D.C. 2012). It operates unless Congress has expressly waived immunity to suit. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Stone offers two grounds for jurisdiction over his suit: Federal question jurisdiction under 28 U.S.C. § 1331 and the Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3663A. Federal question jurisdiction does not by itself waive sovereign immunity. See Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996). And, as Judge Berman Jackson held in 2012, the MVRA simply "requires courts to order restitution to the victims of certain offenses[; it] does not provide a waiver of sovereign immunity." Stone, 859 F. Supp. 2d at 57 (citations omitted).